# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDRICK ALLEN BALDWIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV1662 RWS |
| UNKNOWN OWENS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Fredrick Baldwin (registration no.1213912), an inmate at Western Missouri Correctional Center ("WMCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $39.03. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $195.17, and an average monthly balance of $51.34. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $39.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at WMCC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which allegedly occurred during his incarceration at Eastern

Reception, Diagnostic and Correctional Center ("ERDCC"). Plaintiff also asserts claims under the Americans with Disabilities Act and the Rehabilitation Act. Named as defendants are Correctional Officer Owens and Classification Caseworker Doe.[1]

Plaintiff claims that he entered ERDCC on May 24, 2012, with medical restrictions as a result of his diabetes. He states that he has severe neuropathy in both legs and requires assignment to a lower bunk. Plaintiff asserts that he told Jane/John Doe, the Classification Caseworker who assigned him to a bunk about his medical restrictions, but that his request for a lower bunk was denied. He asserts that he also complained to Correctional Officer Owen about his inability to get up to the top bunk due to the neuropathy in his legs, but he was told to get up to the top bunk or else he would be given a conduct violation.

Plaintiff claims that as a result of the awkward way in which he had to pull himself up to the top bunk due to his medical problems, he got his testicles caught in the bed frame. He asserts that as a result of the damage done, he had to have emergency surgery to repair his testicles, and he now has a permanent injury as a result.

Plaintiff names defendants in their individual capacities only.

**Discussion**

Plaintiff's allegations against Correctional Officer Owens and Classification Caseworker Doe, as pleaded, state a claim under the 8th Amendment for deliberate indifference to plaintiff's serious medical needs against defendant Owens and defendant Doe in their individual capacities.

Unfortunately, plaintiff cannot bring a claim against defendants in their individual capacities for violation of the Americans with Disabilities Act or the Rehabilitation Act. *See, e.g., Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc); *Johnson v.*

---

[1] Although the docket states that there is a defendant John Doe and a defendant Jane Doe, after reading plaintiff's allegations, it appears that he is merely attempting to bring his claims against one particular Classification Caseworker, identified as either John and/or Jane Doe.

*Goord*, No. 01CIV9587PKC, F.Supp.2d, 2004 WL 2199500 (S.D.N.Y. September 29, 2004) (collecting cases); *see also, Hiler v. Brown*, 177 F.3d 542, 544 (6th Cir. 1999); *Brewer v. Wisconsin Bd. of Bar Examiners*, 270 Fed.Appx. 418 (7th Cir. 2008). Title II of the ADA and Section 504 of the Rehabilitation Act simply do not impose liability on individual defendants in their individual capacities, and plaintiff's claims under the ADA and the Rehabilitation Act will be dismissed.

In light of the aforementioned, the Court will order the Clerk to issue process on defendant Owen as to plaintiff's 8th Amendment claim. Although Classification Caseworker Doe has not been specifically identified at this time, the Court will allow plaintiff an opportunity to seek information as to defendant Doe's identity during the initial phases of discovery in this matter for the purposes of pursuing his 8th Amendment claim against this defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $39.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon plaintiff's claims for deliberate indifference to his serious medical needs, brought

pursuant to 42 U.S.C. § 1983. Defendant Owens, a Correctional Officer with the Missouri Department of Corrections, shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office. Plaintiff will be allowed to ascertain defendant Doe's specific identifying information during the initial stages of discovery so that service may be properly effectuated on this defendant.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Owens shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure..

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims brought under the Americans with Disabilities Act or the Rehabilitation Act because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of October, 2014.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE