UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK ALLEN BALDWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14 CV 1662 RWS |
| ) | |
| UNKNOWN OWENS, et al., ) | |
| ) | |
| Defendants, ) | |

# MEMORANDUM AND ORDER

Plaintiff Fredrick Allen Baldwin was an inmate of the Missouri Department of Corrections (MDOC) when he injured himself getting into the top bunk of his cell. He alleges that Defendant Corrections Officer Shawn Owens ignored a medical restriction that led to the injury to Baldwin. Owens has filed a motion for summary judgment arguing that Baldwin has failed to present any evidence that would support a claim that Owen's actions caused Baldwin's injury. Because Owens has carried his burden to show that he is entitled to a judgment as a matter of law I will grant his motion for summary judgment.

*Background*[1]

Baldwin was an inmate of the MDOC and in March of 2012 was assigned to the Department's Eastern Reception, Diagnostic, and Correctional Center

---
[1] Baldwin has failed to address or specifically controvert Owen"s Statement of Uncontroverted Facts filed in support of his motion for summary judgment. As a result these facts are deemed to be admitted pursuant to E.D.Mo. Local Rule 7-4.01(E).

(ERDCC) in Bonne Terre, Missouri. Baldwin was diagnosed with neuropathy and according to Baldwin was provided by the EEDRCC medical staff with a "lay-in" which is restriction of his activities. The restriction included an assignment to a lower bunk. On May 3, 2012, Baldwin was assigned to live in a cell of Housing Unit 8 at the EERDCC. Baldwin reported to an office in that unit and met with Corrections Officer Owens who told Baldwin he had been assigned to the top bunk in cell A107. Baldwin told Owens that Baldwin had a lay-in for the bottom bunk. Baldwin did not show Owens a lay-in form.[2] Owens was not in charge of making or changing bunk assignments and had not assigned Owens to the top bunk. Owens told Baldwin to go to his cell. Baldwin did not argue with Owens whether he needed a lower bunk. Baldwin did not have any other conversations with Owen before or after this encounter. Owens was not aware that Baldwin had a serious medical condition which would require Baldwin to be placed in a lower bunk. Owens did not know that an upper bunk assignment would put Baldwin at risk of being harmed.

Baldwin did not seek relief from the EERDCC medical team regarding his bunk assignment after his discussion with Owens. Three weeks later, on May 24, 2012, Baldwin alleges that he was getting into the top bunk and pinched one of his

---

[2] In his deposition, Baldwin clearly states that he did not show Owens a lay-in form. In his response to Owen's motion for summary judgment, Owens claims, for the first time, that he did show Owens that form. Baldwin cannot create a disputed issue of material fact by contradicting the testimony he previously gave in his deposition under oath. City of St. Joseph v. Southwestern Bell Telephone, 439 F.3d 468, 475-476 (8th Cir. 2006).

testicles between the mattress and the bed frame.  This incident was painful but the pain subsided and Baldwin fell asleep.  He awoke later in the night with pain and swelling of his testicle.  Baldwin received medical attention, was diagnosed with testicular torsion, and had his testicle surgically removed the next day.  Owens did not have any knowledge that Baldwin injured himself until he was sued by Baldwin in the present lawsuit.

In the lawsuit, Baldwin asserts that Owens caused Baldwin's injury by telling Baldwin he was assigned to the top bunk on May 3, 2012.  Owens has moved for summary judgment on this claim.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on

his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

The undisputed evidence in this matter shows that Owens did not assign Baldwin to an upper bunk. Owens did not know that Baldwin had a serious medical condition (neuropathy). Nor did Owens know that an upper bunk assignment would put Baldwin at risk of being harmed. Although Baldwin told Owens that that he had a lay-in and should be assigned to a lower bunk, Baldwin did not show Owens a lay-in form. Moreover, there is nothing in the record before the Court that shows that Baldwin, in fact, had a lay-in restriction to the bottom bunk on May 3, 2012 when he spoke to Owens. The only evidence of a lay-in requirement was a form submitted by Baldwin and placed in the record as Exhibit C to Owens' Statement of Uncontroverted Facts. [Doc. 19-4] That lay-in form's start date was May 17, 2012 and the end date was May 17, 2013. The effective date of the lay-in form was fourteen days after Baldwin's interaction with Owens on May 3, 2012 and seven days before Baldwin injured himself. There is no

4

evidence that Baldwin had a lay-in restriction on May 3, 2012. As a result, Baldwin cannot establish a claim against Owens for Baldwin's injury.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Shawn Owen's motion for summary judgment [18] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2016.